AOC INTERNATIONAL, LTD., ET AL., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Consolidated Court No. 92–06–00367

(Dated December 12, 1994)

*White & Case (William J. Clinton, David E. Bond* and *George L. Paul)* for plaintiffs and defendant-intervenors AOC International, Ltd., Action Electronics Co., Ltd., Proton Electronic Industrial Co., Ltd., and Tatung Company.

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, Joseph A. Perna, V* and *Larry Hampel* for plaintiff Zenith Electronics Corporation.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Reginald T. Blades, Jr.), Thomas H. Fine,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

OPINION

RESTANI, *Judge:* This matter is before the court pursuant to separate motions for judgment on the agency record challenging the determination of the United States Department of Commerce ("Commerce") in *Color Television Receivers, Except for Video Monitors, from Taiwan,* 57 Fed. Reg. 20,241 (Dep't Comm. 1992) (seventh final admin. review).

Zenith Electronics Corporation's motion contains no arguments that would distinguish it from the issues decided in *Independent Radionic Workers v. United States,* Slip Op. 94–144 at 2–4 (Sept. 16, 1994) (ordering application of Commerce's new VAT methodology) or in *Zenith Elec. Corp. v. United States,* Slip Op. 94–146 at 4–6 (Sept. 19, 1994) (finding challenge regarding estimated duties does not include challenge as to deduction of actual duties). Thus the court remands this case for a recalculation of VAT. The court declines to address Zenith's argument as to actual antidumping duties for the same reasons articulated in *Zenith,* Slip op. 94–146.

AOC International, Ltd. ("AOC"), in its motion, objects that it should not have received the most adverse BIA margins possible.[1] *See* 19 U.S.C § 1677e(c) (1988). AOC bases its objection on both lack of notice and inappropriate application of the new methodology. Commerce was entitled to analyze AOC's conduct under its new BIA methodology, with-

[1] AOC has withdrawn its challenge to Commerce's circumstances of sale adjustment methodology in light of the Federal Circuit's recent decision in *Koyo Seiko Co. v. United States,* 36 F.3d 1565 (Fed. Cir. 1994).

out prior notice of a change in methodology. *See Allied-Signal Aerospace Co. v. United States,* 996 F.2d 1185, 1192 (Fed. Cir. 1993) (approving new two-tier BIA policy).

The next issue is whether the highest tier BIA was applied properly to AOC under the facts of this case. Cessation of operations is not a valid excuse for failure to submit any information to Commerce and companies must structure wind-down operations so as to enable them to provide Commerce necessary data. Furthermore, AOC did not suggest a simplified reporting form, as was the case in *Allied-Signal. See* 996 F.2d at 1192–93. AOC simply accepted that because it submitted no information, it would receive BIA treatment, albeit a different BIA treatment. Nonetheless, as this matter is remanded on other grounds, and because *Allied-Signal* has intervened, Commerce should be given the opportunity to re-examine the facts of this case in light of *Allied-Signal.* Depending upon its view of the facts, including the magnitude of the margins, Commerce may find another BIA margin to be most appropriate here.

## CONCLUSION

This action is remanded to Commerce for 45 days to allow Commerce to apply its new VAT methodology and to examine its BIA treatment of AOC in the light of *Allied-Signal.* Objections are due 20 days thereafter. Responses are due 10 days thereafter.